T.C. Memo. 1996-551

UNITED STATES TAX COURT

CHARLES TESLOVICH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7586-95.                    Filed December 19, 1996.

Charles Teslovich, pro se.

Frank A. Falvo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated April 10, 1995, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

|      |            | Additions to Tax |           |
|------|------------|------------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
| 1988 | $5,621     | $1,405           | $359      |
| 1989 | 35,648     | 8,912            | 2,413     |
| 1990 | 5,774      | 1,444            | 380       |
| 1991 | 4,421      | 1,105            | 254       |
| 1992 | 3,765      | 941              | 165       |
| 1993 | 4,552      | --               | --        |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent has conceded that there are no deficiencies and additions to tax for 1988, 1990, 1991, 1992, and 1993.  As a result, the issues for decision are as follows:

1.  Whether petitioner failed to report $104,278 of income in 1989.  We hold that he did.

2.  Whether petitioner, pursuant to section 6651(a)(1), is liable for an addition to tax for failure to file a timely Federal income tax return.  We hold that he is liable.

3.  Whether petitioner, pursuant to section 6654, is liable for an addition to tax for failure to make estimated income tax payments.  We hold that he is liable.

FINDINGS OF FACT

Petitioner resided in Pittsburgh, Pennsylvania, at the time his petition was filed.

On July 26, 1996, respondent, pursuant to Rule 91(f), submitted a motion to show cause why proposed facts in evidence

should not be accepted as established. Respondent attached a proposed First Stipulation of Facts to the motion. The Court, pursuant to Rule 91(f), granted respondent's motion and issued an order requiring petitioner, on or before August 9, 1996, to show cause why the facts and evidence set forth in the stipulation should not be accepted as established for purposes of this case. Petitioner failed to comply with the order. As a result, by order dated September 4, 1996, the Court deemed the facts admitted for purposes of this case.

Petitioner maintained brokerage accounts at BC Financial Corp. and Habersheir Securities, Inc. During 1989, petitioner received $104,147 in proceeds from the sale of stock held in these accounts. During this same period, petitioner received interest income of $67 and $64 from New England Mutual Life Insurance Co. and Dollar Bank, respectively. Petitioner did not file a 1989 Federal income tax return.

On April 10, 1995, respondent issued petitioner a notice of deficiency in which she determined that petitioner was liable for a deficiency of $35,648 for 1989. She also determined that petitioner was liable for additions to tax for failure to file a timely return and for failure to make estimated income tax payments.

OPINION

I.  Unreported Income

Respondent's notice of deficiency is presumed to be correct, and the taxpayer bears the burden of proving that it is erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Gross income includes all income from whatever source derived.  Sec. 61(a).  Interest income and proceeds from the sale of stock constitute gross income.  Sec. 61(a); secs. 1.61-6(a); 1.61-7(a), Income Tax Regs.

Respondent contends that petitioner failed to report $131 in interest income and $104,147 in proceeds from the sale of stock. Petitioner contends that the Internal Revenue Service has orchestrated a campaign of harassment and false allegations against him.  He, however, failed to present any evidence to refute respondent's determination and, as a result, has failed to carry his burden of proof relating to this issue.  Accordingly, we conclude that petitioner received $104,278 of unreported income in 1989, and the deficiency determined by respondent is sustained.

II.  Addition to Tax for Failure To File a Timely Return

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Petitioner bears the burden of proving that his failure to file a timely

return was due to reasonable cause and not willful neglect.  Rule 142(a); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985). Petitioner, however, did not dispute his liability for this addition to tax.  As a result, petitioner has failed to carry his burden of proof and is liable for the addition to tax.

III.  <u>Addition to Tax for Failure To Make Estimated Tax Payments</u>

Section 6654 imposes an addition to tax for failure to make estimated income tax payments.  Petitioner bears the burden of proving that he paid estimated tax or that an exception applies. Rule 142(a); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  Petitioner, however, did not dispute his liability for this addition to tax.  As a result, petitioner has failed to carry his burden of proof and is liable for the addition to tax.

We have considered the other arguments made by petitioner and respondent and found them to be either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
